## Appeal of the Borough of Verona.   Case of John McNeil.

*Road law—Appeals from jury of view—Practice, C. P—Act of May 26,*
1891.

No disputed question of fact can be considered by the appellate court
on an appeal from the decree of the common pleas dismissing exceptions
to an award by a jury of viewers appointed to assess damages for the open-
ing of a borough street. The remedy specifically designated by the Act
of May 26, 1891, P. L. 116, is by an appeal and trial by jury.

*Road law—Action of jury of view—Res judicata.*

An ordinance was passed declaring a street open for public travel; this
ordinance was never published and no notice was served on parties affected
thereby. No notice of appointment of viewers for assessment of damages
accruing to the land of certain persons specifically named were given.
*Held,* that the action of the viewers cannot prejudice the rights of any per-
son not affected by notice of such proceeding.

Argued April 28, 1897.   Appeal, No. 92, April Term, 1897,
by Verona borough, from decree of C. P. No. 3, Allegheny Co.,
Feb. T., 1896, No. 127, confirming report of viewers. Before
RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY
and SMITH, JJ.   Affirmed.

Exceptions to report of viewers.

It appeared from the record that this case and ten others in-
volving the same question of law were heard together in the
court below. On the 7th of June, 1871, the borough passed an
ordinance locating and opening Railroad avenue. On the 25th
of April, 1886, Charles Martin and some other property own-
ers on said avenue petitioned the borough to open East Rail-
road avenue between James street and Grant avenue.   In
compliance with such petition an ordinance was passed July
26, 1886, to open up that part of East Railroad avenue between
James street and Grant avenue.

Viewers were appointed to assess damages for opening of said
avenue who filed their reports September 3, 1887, making said
avenue fifty feet wide alongside of and parallel with the tracks
of the Allegheny Valley railroad, awarding damages for $2,500
for the property of Peter Klingensmith and awarding no dam-
ages to any other property holder or holders on said avenue and

directing said damages to be paid by the borough. There was no exception or appeal from the decree.

On July 9, 1895, the plaintiffs in these cases petitioned the burgess and town council of the borough of Verona to grade said street, according to the line of the Benjamin Jones plan of lots, and releasing the borough from all claims for damages that they might, could or would have from the grading of said street.

Upon consideration of said petition the borough passed a resolution to open up and grade East Railroad avenue between James street and Grant avenue to the full width of fifty feet as designated in the ordinance of June 7, 1871, and July 26, 1886.

Viewers were, upon petition of the plaintiffs, appointed in this case, the petitioners claiming that the borough took six feet from each of their lots, and, the claim being denied by the borough, the viewers awarded damages to the petitioners in the sum of $100 for each lot.

Exceptions were filed on behalf of the borough to the report of viewers and the report of the viewers confirmed absolutely. The borough of Verona appealed in each case.

*Errors assigned* among others were (1, 2) In dismissing exceptions to the borough of Verona and confirming the report of the viewers absolutely. (3) In not decreeing that the appellees were bound by the judgment of the court of quarter sessions of Allegheny Co., at No. 36, June sessions, 1887.

*Arch. H. Rowand, Jr.*, for appellant.—The final judgment for damages for the opening of a street is conclusive: Myers v. Borough of South Bethlehem, 149 Pa. 85 ; Trickett on Pennsylvania Borough Laws, 301, 302.

*A. L. Large*, of *Morrison & Large*, for appellees.

OPINION BY REEDER, J., July 23, 1897 :

This is an appeal from the decree of the court below dismissing the exceptions to an award by a jury of viewers appointed to assess damages for the opening of East Railroad avenue in the borough of Verona, Allegheny county.

No disputed questions of fact can be considered by us upon

appeal. If upon the facts in the case the defendant borough was aggrieved, the remedy specifically designated by the act of May 26, 1891, was by an appeal and trial by jury. The only question, therefore, that we can consider is, whether there was a prior adjudication of the petitioner's right to recover damages by which he was concluded.

It appears from the depositions in this case that a petition was presented to the court of quarter sessions of Allegheny county in 1887, asking for the appointment of viewers to assess the damages to Peter Klingensmith's property between Grant and James streets, in this borough, whereupon viewers were appointed who awarded to Peter Klingensmith certain damages, and found that no other property holder had sustained damages by reason of the opening of said East Railroad avenue.

The ordinance of July 26, 1886, by which East Railroad avenue was declared open for public travel, it appears, was never published and no notice of such ordinance ever served upon the petitioner or any other of the owners of lots or their predecessors in title who are interested in this and the subsequent ten cases. No notice of the appointment of viewers for the assessment of damages to Peter Klingensmith was ever given to any property owners except Klingensmith. There is some testimony of notice by handbill and the record shows only a form of notice —no proof of posting it or of service upon any of the parties in interest here. The petition shows that the viewers were appointed for the mere purpose of assessing damages to Klingensmith by reason of the opening of East Railroad avenue. Therefore under the circumstances, no party to these proceedings can be concluded from further action, or have his rights prejudiced by any action of the viewers that was taken upon that petition.

Decree is affirmed at the costs of the appellant.